WO

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Lonnie Sorrell, | ) | No. CV-04-1870-PHX-SRB |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) ) | |
| U.S. Department of Housing and Urban Development, | ) ) ) | |
| Defendant. | ) ) ) | |

Pending before the Court is Defendant U.S. Department of Housing and Urban Development's Motion to Dismiss pursuant to Rules 4(i)(2)(A) and 4(m) of the Federal Rules of Civil Procedure (Doc. 5). The Court now rules on the motion.

**I.   BACKGROUND**

On September 8, 2004, Plaintiff Lonnie Sorrell filed a Complaint in this Court *pro se* claiming "Emotional (Mental) trauma, Body harm (the Eyes and Pain to the Head), Humiliation, and deprivation of a right to enjoyment of life . . . [and] property damages." (Compl. ¶ 4.) Defendant was served with a copy of the summons and of the Complaint on December 30, 2004, within the 120 day deadline imposed by Fed. R. Civ. P. 4(m). However, Plaintiff failed to execute service upon the United States Attorney for the District of Arizona ("U.S. Attorney") or the Attorney General of the United States ("U.S. Attorney General"), as required by Fed. R. Civ. P. 4(i)(2)(A).

1 Because Plaintiff did not complete service on an agency of the United States as required, the Court, on May 17, 2005, ordered Plaintiff to submit a status report within ten days or face dismissal. Plaintiff filed a status report with the Court on May 31, 2005 stating that he would serve the summons and Complaint on the U.S. Attorney and the U.S. Attorney General within ten days. (Pl.'s Resp. at 1.) Plaintiff then filed notice with the Court that he had served the U.S. Attorney and the U.S. Attorney General and included copies of Certified Mail receipts to each dated June 1, 2005.

On June 10, 2005, Defendant filed a motion to dismiss for the failure to serve process on the U.S. Attorney and the U.S. Attorney General within 120 days after filing the Complaint. (Mot. to Dismiss at 1.) Plaintiff responded that his failure to comply with the rule was "[d]ue to oversight and inexperience." (Pl.'s Resp. in Opp'n to Mot. to Dismiss at 1.)

## II. LEGAL STANDARD AND ANALYSIS

A federal court is without personal jurisdiction over a defendant unless the defendant has been properly served with process. *Jackson v. Hayakawa,* 682 F.2d 1344, 1347 (9th Cir. 1982). Service of process must be completed in compliance with Rule 4 of the Federal Rules of Civil Procedure. *Id.*

When suing an agency of the United States, a copy of the summon and complaint must be sent to the agency. Fed. R. Civ. P. 4(i)(2)(A). That does not complete service, however. Under Rule 4(i)(2)(A), the plaintiff must also serve the United States as prescribed in Rule 4(i)(1)

> (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail

- 2 -

>        addressed to the civil process clerk at the office of the United
>        States attorney and
>
>            (B) by also sending a copy of the summons and of the
>        complaint by registered or certified mail to the Attorney General
>        of the United States at Washington, District of Columbia . . . .

Fed. R. Civ. P. 4(i)(1)(A)-(B).

Rule 4(m) provides:

>        If service of the summons and complaint is not made upon a
>        defendant within 120 days after the filing of the complaint, the
>        court, upon motion or on its own initiative after notice to the
>        plaintiff, shall dismiss the action without prejudice as to that
>        defendant or direct that service be effected within a specified
>        time; provided that if the plaintiff shows good cause for the
>        failure, the court shall extend the time for service for an
>        appropriate period.

Fed. R. Civ. P. 4(m).

A district court may extend the time for service of process retroactively after the 120-day service period has expired. *United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004) ("[D]istrict courts have broad discretion under General Rule 4(m) to extend time for service even without a showing of good cause.") (citing *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001)). Federal courts are instructed to liberally construe the "inartful pleading of *pro se* litigants," especially "when evaluating compliance with the technical rules of civil procedure." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (citing *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 701 (1982); *Draper v. Combs*, 702 F.2d 915, 924 (9th Cir. 1986)) (other citations omitted).

Here, Plaintiff did serve Defendant within 120 days of filing his Complaint, but failed to also serve the U.S. Attorney and the U.S. Attorney General within that time period. The

1  Court notified Plaintiff of the problem with service on May 17, 2005 and required Plaintiff
2  to file a status report within ten days.  Plaintiff complied with the Court's Order, filed his
3  status report, and then provided the Court with copies of certified mail receipts to the U.S.
4  Attorney General and the U.S. Attorney's office dated June 1, 2005.  Defendant has not
5  asserted that it has been prejudiced in any way by Plaintiff's failure to timely serve the U.S.
6  Attorney or the U.S. Attorney General.  Therefore, the Court will exercise its discretion and
7  deny Defendant's motion to dismiss.

**IT IS SO ORDERED** denying Defendant's Motion to Dismiss (Doc. 5).

DATED this 6th day of December, 2005.

_____
Susan R. Bolton
United States District Judge